JESSE DICKEY v. HARRIET ANDROS.

*Slander. Variance.*

In an action for slander, if the declaration allege that the defendant charged the plaintiff with a crime, and the proof disclose merely that he said he supposed the plaintiff to be guilty of such crime, the variance is fatal.

But the latter expression would be actionable. REDFIELD, Ch. J.

But it is not actionable to express a supposition or belief that one went to a place for the purpose of persuading another to commit adultery with him.

SLANDER: The declaration charged the defendant with having used, at the house of one Mary Webster, and concerning a pretended sexual intercourse between the plaintiff and said Mary, the following words, viz:

" I saw Dickey (meaning the plaintiff) here (meaning where the defendant then was) on Friday night, (meaning Friday, the 30th of May, 1856.) I saw him and heard him and can swear to it, and can prove it. He (meaning the plaintiff) was not here for any good design, (meaning that the plaintiff was with said Mary for purposes of adultery.) I will break up the haunt if I can possibly do it, (meaning that the defendant was scandalized to have such operations so near her; that the plaintiff came to said Mary's house, and was so accustomed to do, and commit the crime of adultery, and that the defendant was resolved to break up such unlawful operations.)

Plea, the general issue, with notice of special matter in defence by way of justification, and trial by jury, at the June Term, 1858,—BARRETT, J., presiding.

On trial the plaintiff proved that the defendant said that the plaintiff was at Mrs. Webster's on the occasion named, and added, "I saw him and heard him and can swear to it, and furthermore can prove it, if called on;" and that the defendant, on being asked for what purpose she supposed the plaintiff went there, replied, "I suppose he came there not out of any good design; I mean to break up the haunt if I can."

Upon this evidence the county court directed a verdict for the defendant, to which the plaintiff excepted.

*Ormsby & Farnham*, for the plaintiff.

*A. M. Dickey* and *C. W. Clark*, for the defendant.

REDFIELD, Ch. J. The declaration in the present case is for slander in charging the plaintiff with the crime of adultery, committed with Mary Webster. The words alleged are equivocal, not necessarily, or naturally perhaps, implying such an offence. But it is competent by means of prefatory averments, and innuendoes refering to such prefatory averments or colloquiums, to give the words spoken a more extended import than they would otherwise bear. But the truth of the colloquium and of the innuendoes is to be inquired of and determined by the jury. And if the testimony given by the plaintiff in support of his declaration has no tendency to show the speaking substantially the same words, and in the sense alleged, the county court may direct a verdict for the defendant. The inquiry in this case is, whether the evidence given by the plaintiff had any such tendency?

The words spoken were not the same, but are very similar, substantially the same, except that in the declaration it is alleged the defendant said " he was not here for any good design;" the innuendo being that the plaintiff was with said Mary for purposes of adultery. These words then are treated by the pleader as containing a distinct charge of the crime of adultery. The proof is that the defendant said " she supposed he came there not out

Dickey *v.* Andros.

of any good design." It would seem questionable whether the form of expression used is equivalent to a direct charge of the fact. To say "I believe, or I suppose one guilty of an infamous crime" is certainly actionable, very much the same as saying he is guilty. For in the latter case it is received as my opinion merely, most commonly. From saying that a fact exists it is not always to be inferred that the speaker has positive knowledge of the fact. It ordinarily imports no more than that the speaker supposes it to be true, or believes it upon such evidence as is satisfactory to him. But the case of *Tozer* v. *Mashford*, 6 Exch. .539, holds that it is not slanderous to indicate a suspicion that one is guilty of an infamous crime. If the case were to turn wholly upon this point, I should desire to examine further before holding that the variance between the proof and the declaration is fatal to the action. But from the best examination I have been able to make, it would seem that although both forms of expression may be actionable, they are not identical, or of the same legal import. There is then a technical variance between the declaration and the proof. The court regard the variance as fatal.

But upon the question whether the evidence tended to prove the words spoken in such a sense as to impute to the plaintiff the actual commission of the crime of adultery, we are satisfied it does not. For if we suppose the defendant intended to insinuate that the plaintiff was at Mrs. Webster's for the purpose and with the intent to induce her to commit the offence, which is probable enough, it would seem that the witness did not understand the defendant to charge that the plaintiff succeeded in such purpose, but on the contrary, explicitly declares that the defendant did not so state. It was at most then, a charge that she supposed or suspected the plaintiff was there to seduce or persuade Mary Webster to the commission of the crime with himself, which is not indictable, unless something more is shown than is here charged. We think, therefore, the testimony did not tend to prove the colloquium and innuendoes in the declaration, and that the county court should have directed a verdict for the defendant.

Judgment affirmed.