## JESSE W. PALMER *vs.* WARREN SMITH.

### April 9, 1875.

Libel—Indivisible Charge.—Certain alleged libellous matter, set out at length in the opinion in this case, *held*, to contain but one substantial charge, and therefore to be indivisible.

Same—Justification of Indivisible charge.—A justification in an action for libel must be complete ; that is to say, it must justify the publication of the entire libellous matter constituting the substance of a distinct and indivisible charge, save so far as the publication of the same is denied.

Same—Striking out defence.—A party is not deprived of his right to have matter stricken out of a defence in which it is badly pleaded, because such matter is made a part of a subsequent defence by reference to its statement in the former.

Action for libel. The complaint is set forth in the opinion. In his second defence, defendant, among other things, sets forth so much of the complaint as includes the two first sentences of the alleged libel, with the innuendoes, and avers that the words so set forth are true. In his fourth defence, the defendant says " that in mitigation of damages, the defendant renews and repeats all and singular the matters stated under the second defence herein, and will give evidence thereof in mitigation of damages, as well as in justification." To so much of the complaint as embraces the third sentence of the alleged libel, the defendant de-

murred. The district court for Jackson, Nobles, and Rock counties, *Waite*, J., presiding, ordered that the justification in the second defence be stricken out, and the demurrer overruled. From these orders defendant appealed.

*Daniel Buck*, for appellant.

*Emory Clark*, for respondent.

BERRY, J. The complaint alleges that the defendant composed and published of and concerning the plaintiff, in a certain newspaper, an article containing the following false and defamatory matter, to wit: "As to my circulating exaggeration and falsehoods about the death of his wife, (meaning the wife of plaintiff,) it is as vile a slander as ever fell from his (meaning the plaintiff) whiskey polluted lips. Half the truth has not been told by me about that sickening case of neglect, desertion and death; (meaning the death of plaintiff's wife, by plaintiff's neglect and desertion of her.) In our (meaning defendant and others) opinion, it (meaning the death of plaintiff's wife) is not only a case of criminal neglect, but also of criminal intent, (meaning that the plaintiff criminally neglected his wife, with a criminal intent to cause her death,) and the unfeeling perpetrator (meaning the plaintiff) of this revolting outrage (meaning the death of plaintiff's wife, caused by plaintiff's criminal neglect of her, criminally intending her death,) should ever wear the mark of Cain, and be stigmatized by the race he (meaning the plaintiff) has dishonored."

The alleged libel contains but one substantial charge against plaintiff, viz, that of neglect and desertion of his wife, resulting in her death, such neglect and desertion being characterized by different epithets in different portions of the libel. The libel is therefore indivisible. *Morrison* v. *Harmer*, 3 Bing. N. C. 759. It follows that it is incompetent for the defendant to select the first two sentences of the same, as he does in his second defence, and attempt to justify his publication of the matter therein contained by averring its truth, without denying the publication of the remainder of the alleged libel. The rule is, (and its reason

is obvious,) that a justification in an action of this kind must be complete, that is to say, it must justify the publication of the entire libellous matter constituting the substance of a distinct and indivisible charge, save so far as the publication is denied. *McGregor* v. *Gregory*, 11 M. & W. 287 ; *Clarkson* v. *Lawson*, 6 Bing. 587. It follows that the defendant cannot complain of the action of the court below in striking out a part of a defence, of which it would have been entirely proper to strike out the whole.

The fourth defence pleads the matter set up in the second defence, including the part stricken out, in mitigation of plaintiff's damages, without, however, reciting the same, but referring to it as " all and singular the matters stated under the second defence herein." The defendant claims that the effect of striking out from the second defence is to deprive him of the right to prove the matter stricken out, in mitigation. If any such result would follow, it would furnish no reason why the plaintiff's motion, which was certainly proper, should not be granted ; any inconvenience likely to ensue to defendant can very easily be remedied by amendment.

The defendant's demurrer to a *portion* of the indivisible charge contained in the libel, was, of course, properly overruled.

Orders appealed from affirmed.