Smith, C. J.
The errors assigned in this case are, that the Court of Common Pleas erred in admitting and rejecting evidence against the objection of the-plaintiff; in refusing to allow- the plaintiff to file an amended petition; in the charge given to the jury, and in overruling the motion for a new trial. ■
The plaintiff, after the rendition of a verdict against him, moved the court for leave to file ah amended petition, but the court refused to allow it to be done. No exception, however, appears to have been taken to this ruling at the time. If it had been excepted to, as neither the facts upon which the application was based, or the amendment which he sought to file, are s$t out in the bill of exceptions, it is manifest that there is nothing in the record to show that the discretion which the court has in regard to the amendment of pleadings, was not properly exercised. We see no substantial objection to any of the rulings of the court on questions of evidence. As to several of the rulings to which our attention was called on the argument of the case, we find that no exceptions thereto were taken at the time. In other cases in which exceptions are noted in the bill, there were no rulings by the court. The principal questions argued in the case, were, whether the words alleged to have been spoken by the defendant were actionable in themselves, and whether a charge given by the court to the jury at the request of the counsel for the defendant was correct.
The petition alleges that the defendant, falsely and maliciously spoke of and concerning the plaintiff in a conversation held by him with one Gibson Lowe, the following false and malicious words: “ He (meaning the plaintiff) is a liar and a perjurer, a thief and a forger,_and I (meaning the defendant) have the papers to prove it.” There was no colloquium that the charge as to plaintiff being a perjurer, was made concerning his evidence given in any suit, or that defendant referred to any case in a court in which the plaintiff was sworn as a witness.
The answer of the defendant denied that in the said conversation with Gibson Lowe, he said of the plaintiff that he was a thief, or that he was a forger, thereby admitting, by not *400 denying the allegations of the petition, that he did use the •other language imputed to him. He further denies that the language used was false, or was maliciously used, but alleges .'that it was spoken in good faith, and for the protection of one Alfred Lowe, a brother of the said Gibson Lowe.
On these pleadings, and the issue thus made, the parties 'went to trial, and the plaintiff offered evidence tending to •.prove the speaking of the words as laid in the petition, and ■that the word “ perjurer ” was used with respect to the testimony given by plaintiff in an action in the Court of Common Pleas of this county; and the defendant offered evidence ■tending to show that he did not use the words maliciously, but for the purpose stated in his answer ; and further, that he did not directly affirm that the plaintiff was a perjurer, but •only said that it was his opinion that he was, and that he had
■ so testified, in the action referred to, that he, the defendant, considered him a perjurer. And at the conclusion of the argument the court, at the request of the counsel for the defendant, gave to the jury this'special charge: “If the jury find .from the evidence that what the defendant said was, ‘ My opinion of Henry Stickels is that he is a perjurer,’ or that he . said, ‘ he so testified in court as that I consider him a perjurer,’ •-such words are not actionable in themselves,” to which charge ■ of the court the defendant duly excepted.
We are of the opinion that if one persqn says of another, falsely or maliciously, that he is a perjurer, that the words are ■ actionable in themselves, and that under the rules of pleading, it is not necessary by a colloquium to allege that they were •used with reference to a judicial proceeding, in which the plaintiff had been sworn as a witness. That the word “ perjurer,” or the expression, “you are perjured,” imports that, as the word “thief” imports the crime of larceny, or the word “ murderer” that of murder. This rule of pleading seems to be well established. In Bacon’s Abrid., vol. 7, p. 35, it is stated thus: “No action lies for publishing these words of I. S., ‘He is foresworn,’ unless it be added in a judicial proceeding; but it does for publishing these words, ‘ He is perjured,’ for these words shall be intended to mean that he is foresworn -in a judicial proceeding.” And an action lies for saying of *401 another, “You swore to a lie, for which you now stand indicted.” These words can mean nothing less than perjury; for they allege that the plaintiff hád sworn to such a lie as made him liable to an indictment, which could only be for perjury.
In the case of Green v. Long, 2 Cai. (N. Y.) 91, Judge Kent held that, “when the charge is that the plaintiff committed perjury, that implies a false swearing before a competent tribunal, and jurisdiction need not be averred.” But itisdoubtful whether any question as to the sufficiency of the pleading properly arises in this case, as no motion or demurrer was interposed to the petition, and the evidence showed that the charge of the plaintiff being a perjurer, was in fact made with reference to testimony given by the plaintiff on a trial in a court.
Was the charge of the court right ? In Waite’s Actions and Defenses, vol. 5, p. 732, the law on the point involved is thus stated : “ So speaking defamatory words hypothetically, or to say, ‘ if reports are true,’ does not change their actionable nature. And words are actionable, although they charge crime indirectly, and not in technical language. Or by instituting a comparison, or expressing a suspicion or opinion, or stating the defamatory matter as hearsay. But not a mere suspicion or opinion which does not import any express or precise intimation of guilt.”
To support these statements the author cites a number-of cases, some of which we abstract as follows: In 1 Cowper, 277, Lord Mansfield held that the words, “ I am thoroughly convinced that you are guilty,” (innuendo, that you are guilty of the death of Daniel Donally), “and rather than you should go without a hangman, I will hang you,” were actionable per se. In Stick v. Wisedam, 1 Cro. Eliz., it was held that the words, “ I think he is a horse stealer,” were actionable words. In this case “ it was moved, after verdict, that an action lieth not, without an express averment that he was so.” Curia contra. “ They are a great slander if the defendant showeth not a good cause for his thinking,” and it was adjudged for the plaintiff.
*402 In 3 Porter (Ala.), 442, it was held that to say of one, “ I believe you are guilty of a crime,” naming it, is equivalent to a positive charge of it, and that it is a good cause of action to say of a person, “ it is the general opinion of the people in A.’s neighborhood, that he, A., burned B.’s gin-house.”
In the case of Giddens v. Muth, decided in the supreme court of Georgia, in 1848, 4 Ga., 362, it was held that to say of another, “ I believe Giddens burned the camp-ground,” is actionable. The court in this case fully reviews the authorities, and in discussing the question says : “ The point I am now considering is settled in favor of this action upon sufficient authority. The expression of a suspicion that another has committed a crime, is actionable,” citing Starkie on Slander, sec. 58; 4 Co., 15 ; Poph.,210; Latch., 176; Bulst., 262, “Suspicion is weaker than belief, and opinion no stronger. One hearing that his father’s barn was burned, said, ‘ I can not imagine who should do it but the Lord Stoughton,’ and these words were held actionable.” See Starkie on Slander, sec. 58, citing 1 Yin. Ab. 13. ■
In the case of Miller v. Miller, 8 Johns., 174, these words were held actionable: “ My watch was stolen in Polly Miller’s bar, and I have reason to believe that Sina Miller took it, and that her mother, Polly Miller, concealed it ” — and the same holding was made in Ney v. Otis, 8 Mass., 122, as to these words: “ I will venture anything he stole the book.”
Against this weight of authority to the effect that the use of words, that in the opinion of the speaker the plaintiff was guilty of a crime, or that he believed or suspected he was, is .actionable, we have seen nothing contrary to it, except very general statements, like that already quoted from Waite’s Actions and Defences and in Starkie and Townsend on Slander. The former states the rule thus : “ Words of mere suspicion or opinion, and which do not directly or indirectly impute any act, are actionable.” Folkard’s Starkie on Slander, 4th Engl, ed., sec. 58, p. 145 Wood’s Notes. But in the note to this it is said: “But it is actionable to say that the speaker supposed that a certain person committed a crime.” Dickey v. Andrews, 32 Vt. 55. “ Or to say that he has knowledge of things done by him that would send him to the penitentiary. — Johnson v. Shields, *403 1 Dutcher (N. J.) 116. Because in such cases the statement is not one of suspicion, but an actual charge of criminal conduct amounting to a felony. The distinction is this: when words spoken of another are expressive of an opinion merely, and charge no specific offense, they are not actionable ; but when they relate to a specific offense, as “ I think,” or “ I suppose,” or “ I believe he is a horse stealer,” or when the speaker claims to have knowledge of some felony committed by him, but which is not named, the words are actionable.” To the same effect is Townsend on Slander, 3rd ed., sec. 163 and notes.
Fro. F. Eltzroth and J. E. Benham, attorneys for plaintiff in ■error.
Jno. E. Smith and W. Q. Thompson, attorneys for defendant in error.
On the authorities then we think it entirely clear, that it is actionable to say of another that “ in my opinion he is a perjurer,” or “ he so testified in an action that I consider him a perjurer.” It is not a mere suspicion which is expressed, but it directly or indirectly charges a crime upon the person referred to, and in the language of the court in the case from 1 Cro. Eliz.: “ it is a great slander, if the defendant showeth not a good reason for his thinking,” (opinion). And for this error in the charge of the court, the judgment must be reversed.