George P. Rider, Appellant, *v.* Elbert T. Rulison, Respondent.

*Matter libelous per se — allegation as to special damages.*

Any written or printed matter published of and concerning a person which has a tendency to disgrace such person and bring him into ridicule and contempt is libelous *per se.*

Charging a man with being "perfectly unreliable," that "he cannot tell the truth," that "any financial obligation does not seem to distress him in the least," and that "he has been more than mean to me," is libelous *per se.*

In an action brought to recover damages for written matter libelous *per se,* it is unnecessary either to allege or prove special damages.

Appeal by the plaintiff, George P. Rider, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Montgomery on the 9th day of February, 1893, upon a dismissal of the plaintiff's complaint at the Montgomery Circuit.

*Arthur B. Rider,* for the appellant.

*Howard Putnam,* for the respondent.

HERRICK, J. :

The plaintiff brings this action against the defendant for libel, charging defendant with writing two several letters concerning him, in which he made use of the following expressions : " I know him " (the plaintiff thereby meaning) " to be perfectly unreliable ;" " can't tell the truth, and any financial obligation does not seem to distress him in the least.   IIe has been more than mean to. me."   And, again, in another letter : " It seems he " (thereby meaning the plaintiff) " cares no more about his reputation now to pay than he ever did."   " In the meantime, should he knock at the outer door, be careful about admitting him.   IIe is a plausible talker, but wholly unreliable."

The writing of these letters by the defendant is admitted.

It appeared upon the trial that both the plaintiff and defendant were physicians, and that the plaintiff had been a student in the defendant's office at one time, and that the defendant had loaned and advanced money to him ; and the plaintiff being in a distant State, the defendant had written the letters in endeavoring to collect what he claimed to be due him from the plaintiff.

In the view that I have taken of the case, it is unnecessary to state the facts more fully.

At the close of the plaintiff's evidence the defendant's counsel moved for a nonsuit on the ground that the plaintiff had failed to make out a cause of action, " for the reason that the words charged in the complaint, the words contained in the letters which are in substance that ' plaintiff is unreliable,' that he cannot tell the truth, and does not regard his financial obligations, are not libelous *per se*, and inasmuch as they are not used in reference to plaintiff's business or profession, and no proof of special damages given, plaintiff has failed to make out a case as to those words."

The court granted the motion, and in doing so, stated : " I do not think the words charged to have been written about the plaintiff are libelous *per se*.   There is enough alleged in the complaint to make out a cause of action, but there is no proof to sustain it, namely, that he was injured in his business ; therefore, there is no damage shown, and I think the case is not made out."

In this I think the court erred ; any written or printed matter published of and concerning a person which has a tendency to dis-

grace such person, and bring him into ridicule and contempt, is libelous *per se*. (*Morey* v. *M. J. Assn.*, 123 N. Y. 207; *Bergmann* v. *Jones*, 94 id. 51; *Winchell* v. *Argus Company*, 69 Hun, 354.)

It seems to me that charging a man with being "perfectly unreliable," that "he cannot tell the truth," that "any financial obligation does not seem to distress him in the least," and that "he has been more than mean to me," is something that has a tendency to hold one up to scorn, and to bring one into ridicule and contempt, and diminish his respectability, and as such is libelous *per se*, and being so it was not necessary to either allege or prove special damages. (*Winchell* v. *Argus Company*, 69 Hun, 354–360.)

For that reason, and for the error of the court in holding that such language was not actionable *per se*, the judgment should be reversed and a new trial ordered, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, new trial granted, costs to abide the event.