## J. B. CLIFTON v. L. E. LANGE, Appellant.

**Libel:** PLEA OF JUSTIFICATION. A plea, to an action for libel, made as a complete defense to the charge of malicious intent, that "every fact charged in the publication as having been done by plaintiff was the truth, and in fact done as therein charged," is bad, when acts with another are charged, in that it does not plead the truth of all the libelous charges.

**MITIGATION:** *Demurrer.* A plea, in mitigation for damages for a libel, that the matters set forth in the publication were told defendant by others before the publication was made, is bad, on demurrer, where the libelous statement purports on its face to be made on the personal knowledge of the writer.

**PRIVILEGE:** *Public officer.* The publication of an attack upon the private character of a public official is not privileged.

*Appeal from Pocahontas District Court.*—HON. W. B. QUARTON, Judge.

FRIDAY, MAY 19, 1899.

ACTION at law to recover damages caused by the publication by the defendant, in a weekly newspaper, of the following, of and concerning the plaintiff: "Modern Justice ( ?) Should two men hold up a third man on the streets of Laurens in broad daylight, and rob him of sixty-five dollars to seventy-five dollars, the robbers would be sure to serve a term in the penitentiary, and the authorities might find it difficult to prevent them from being lynched. Yet modern justice, in the disguise of law, committed a crime equally as great a few days ago, and the methods employed and tactics plied were

no more dishonorable than highway robbery. The parties who did the holding up were J. S. Clifton, a justice of the peace, and J. W. Convey, a constable, and the party they attempted to rob was Chas. Snider; and they probably would have succeeded, had not the matter become public, and outsiders come to his rescue in time to appeal to a higher court, where snap judgments are not engineered by the aid of the court, and save his home from being sold on a judgment rendered by two vultures sitting ready to pounce upon and divide the spoils. Did J. S. Clifton do as he would like to be done by if he was in Snider's place? Did he give both sides justice? Was there any honorable act done by the justice from start to finish? If so, what? Could the James gang have done worse, if they had presided in Clifton's place? Take down these signs of 'Justice,' and print in large letters, and hang there instead, the more appropriate sign of 'Modern Crucifixion.' Honorable justices and constables are essential and necessary to every community, but when they become hawks and vultures, perched in dark corners waiting for some weakling to fall by the wayside, and pounce upon them and devour them because they are weak, poor, and helpless, then, the sooner they are exposed and receive deserved punishment, the better it will be. Now, right here is where the dishonorable act of the court comes in, and where the gross and dishonest prejudice of J. S. Clifton, the justice of the peace, helped in the rotten and infernal steal. He knew that Paige was Snider's attorney; he knew that, if Snider was able to conduct the case himself, he would not have hired an attorney, and as Paige was the first attorney to appear in the case, and had only left the room to get authorities to cite, why did he not wait until Paige got back? Why did he not give the defendant one-tenth of the courtesy he had extended to the plaintiff by running around town and apprising them that the case would be contested on the part of the defendant? Why did he not do that, we ask? He shows by his act that he was a party to the theft and dishonorable

act." Plaintiff alleges that this publication was willfully and maliciously made concerning him, to his actual damage five thousand dollars, for which and for exemplary damages he asks judgment. The defendant answered, admitting that he published said articles, "but denies any malice in the publication." He further answered, setting up at great length six defenses, some of which are claimed to be a justification of the publication, and others in the mitigation of damages. The plaintiff demurred to all the defenses, except the first, as stated above, and the demurrer was sustained to all except the fourth. After the evidence was all introduced, the fourth defense was, on motion of the plaintiff, withdrawn from the consideration of the jury. The case was submitted to the jury on the issue of malice in fact, and as to the amount of damages. Verdict and judgment were rendered in favor of the plaintiff for two hundred dollars. Defendant appeals. —*Affirmed.*

*J. A. O. Yeoman* and *Wright & Nugent* for appellant.

*F. H. Helsell* for appellee.

GIVEN, J.—I. In view of the questions involved, we regret that the case is submitted without argument for appellee. The publication is conceded to be libelous and actionable *per se.* By the first division of the answer, we have the single issue whether it was maliciously published, and it was upon this issue that the case was submitted to the jury. The defendant, "for a second and complete defense, * * * states that every fact charged" in the publication to have been done by the plaintiff "was the truth, and in fact done as therein charged." Such a plea must be as broad as the charge made. This is not so. It merely pleads as true what are stated to have been the acts of the plaintiff, and does not plead the truth of the libelous charges. To plead that part of the charge is true is not sufficient; the entire libelous charge must be alleged to be true; and, if this

was the defendant's purpose, he should have pleaded it in unmistakable language. *Hollenbeck v. Ristine,* 105 Iowa, 488; Townshend Slander and Libel, section 212 The demurrer was properly sustained to this defense.

II. The third division of the answer sets up matters in mitigation of damages. It is a lengthy statement of matters concerning the transactions mentioned in the publication, which the defendant alleges he had heard, and that were told to him before he made the publication. In Newell Defamation, section 71, after stating the general rule that evidence of previous publications by others is inadmissible in mitigation of damages, it is said: "To this rule there seems to be one exception: If defendant, in repeating the story as it reached him, gives it as hearsay, and states the source of his information, then, but only then, is the fact that he did not originate the falsehood, but innocently repeated it, allowed to tell in his favor, as proving that he bore the plaintiff no malice." It is further said: "But where the libel does not, on the face of it, purport to be derived from any one, but it is stated as of the writer's own knowledge, then evidence is wholly inadmissible to show that it was copied from a newspaper or communicated by a correspondent." See, also, *Blocker v. Schoff,* 83 Iowa, 266. There was no error in sustaining the demurrer to this division of the answer, nor in excluding evidence in support of it, nor in the instruction complained of.

III. In the fifth division of the answer it is alleged, as a complete defense, that said publication is privileged. The law is well settled that a fair and true publication, without malice, of a judicial proceeding, or of anything stated as a part thereof, or "a criticism of an official act of a public officer, made without malice, and not containing any attack upon his private character," is privileged. Townshend Slander and Libel, section 208, and note; *McBee v. Fulton,* 47 Md. 403; *McAllister v. Press Co.,* 76 Mich., 338 (43 N. W. Rep. 431); 13 Am. & Eng. Enc. Law, 419, In *Comfort*

*v. Young,* 100 Iowa, at page 630, we said: "It was for the court to determine whether the publication was privileged or not." The publication admitted to have been made is not privileged, for the reason that it contains an attack upon the private character of the plaintiff, and it is not, therefore, a privileged publication; and there was no error in sustaining the demurrer to the fifth division of the answer.

IV. In the fourth division of the answer, which was withdrawn on plaintiff's motion, the defendant recites at length, as facts, matters preceding and occurring on the trial referred to in the publication, substantially as set forth in the third division. In conclusion, he alleges that said matters set out as facts were true, that the publication was of comments fairly arising thereon, and that the imputations published were true, and were in good faith and without malice. For reasons already stated, this plea is not broad enough to constitute a justification on the grounds of the truth of the matters charged. The plea is not as broad as the charge. Therefore there was no error in withdrawing it on plaintiff's motion. We discover no prejudicial error, and the judgment is therefore AFFIRMED.