W. R. PREWITT, Appellant, v. JOHN E. WILSON, H. C. DEAN, JOHN MORRISON, D. H. McGUIRE, C. PAEPER, J. BORUCKI, and S. W. NICHOLSON, Appellees.

**Libel per se: FALSITY: MALICE: DAMAGE.** A charge of crime is
1 not essential to render a publication libelous *per se;* nor is plaintiff required to prove its falsity, or malice in its publication; neither need he prove damages.

**Libel per se: JUSTIFICATION.** A publication charging one with being notoriously untruthful and unworthy of belief is libelous
2 *per se,* and cannot be justified by a plea that the publisher did no more than express his personal belief.

**Plea of privileged publication: QUESTIONS OF FACT.** The plea that
3 a publication was privileged is in the nature of an admission and must be as broad as the charge of libel. It cannot be based on the admission of another and different publication which is privileged; and where such plea is properly entered the questions of malice and whether the privilege was exceeded are for the jury.

**Taxation of costs.** The overruling of a motion to tax the costs to
4 plaintiff on the ground that defendants were sued in the wrong county, where one of them was in fact a resident of the county of trial, was not erroneous; and even if the motion had been proper defendants would only be entitled to recover that portion of the costs incurred by reason of the fact that the suit was brought in the wrong forum.

*Appeal from Benton District Court.*— HON. G. W. BURN-
HAM, Judge.

WEDNESDAY, MAY 3, 1905.

ACTION at law to recover damages for an alleged libel.
From a judgment for the defendants entered upon a directed
verdict, the plaintiff appeals.— *Reversed.*

*Tom. H. Milner,* for appellant.

*J. C. Hume* and *C. Nichols,* for appellees.

WEAVER, J.— The plaintiff alleges that on or about No-
vember 2, 1901, the defendants did falsely, willfully, and
maliciously write and publish of and concerning said plaintiff
certain false, malicious, and defamatory statements, in words
and figures as follows, to-wit:

### A Denial with Trimmings.

Since certain statements concerning T. E. Gillaspie,
Democratic candidate for sheriff, and emanating from the
Republican County Central Committee, wherein said Gillas-
pie is charged with saying certain things derogatory to T.
H. Gharrity, Democratic candidate for sheriff in 1899, and
wherein he is alleged to have stated that he would not vote
for " that Irish Catholic ————."

The following affidavits of reputable citizens of Iowa
county are an index to the respective characters of the respec-
tive signers of the statement:

State of Iowa, Iowa County — ss.: I, T. E. Gillas-
pie, of Victor, Iowa, first being duly sworn, depose and say,
that I am the candidate for sheriff upon the Democratic
ticket, and that I have been fully informed of the contents
of a certain circular purporting to be signed by J. B. Carey,
F. A. Rossman and W. R. Prewitt, and now being circulated
by the Republicans, and that I never at any time used the
language or any of the language therein stated, or any such
language in substance, or any language of that kind or char-
acter, and that I supported T. H. Gharrity for sheriff when
he ran against H. J. Richardson; and that I know of the

facts stated and set forth in the above affidavit, and that the same are true as I verily believe.     T. E. Gillaspie.     Subscribed and sworn to before me, this 2nd day of November, 1901, by the said T. E. Gillaspie.     Thos. Stapleton, Notary Public, Iowa County, Iowa.

State of Iowa, Iowa County — ss.: I, D. H. McGuire, H. C. Dean, John Morrison, C. Paeper, J. J. Borucki and S. W. Nicholson, depose and say, and each for himself deposes and says; that I am well acquainted with J. B. Carey, F. A. Rossman and W. R. Prewitt, of Victor, Iowa, and that I would not believe them, or either of them, under oath; that I know of the facts stated in the above and foregoing affidavit, and that the same are true as I verily believe. S. W. Nicholson, J. J. Borucki, C. Paeper, D. H. McGuire, Jno. Morrison, Jno. E. Wilson, H. C. Dean.     Subscribed and sworn to before me by H. C. Dean, John E. Wilson, John Morrison, D. H. McGuire, C. Paeper, J. J. Borucki and S. W. Nicholson, this 2nd day of November, 1901. Thos. Stapleton, Notary Public, Iowa County, Iowa. [Seal.]

State of Iowa, Iowa County — ss.: I, John A. Fitzgerald, Eugene Conley and D. H. McGuire, of Victor, Iowa, being duly sworn, depose and say, and each for himself deposes and says: that we, and each of us have known T. E. Gillaspie, of Victor, Iowa, the Democratic candidate for sheriff, of Iowa County, Iowa, and that each of us have known him for years, and that we have been fully informed of the facts set forth in the circular signed, J. B. Carey, F. A. Rossman and W. R. Prewitt, and now being circulated by the Republicans, and that from our acquaintance with the said Gillaspie we know that he never made any such statement or any statement of that kind or character.     Jno. A. Fitzgerald, Eugene Conley, D. H. McGuire.     Subscribed and sworn to before me by John A. Fitzgerald, Eugene Conley and D. H. McGuire, this 2nd day of November, A. D. 1901.     Thos.  Stapleton,  Notary  Public,  Iowa  County, Iowa.

For damages alleged to have been sustained by reason of said defamatory publication, the plaintiff asks judgment against the defendants.     To this petition the defendant Dean answered separately, as follows:  First, denial; second, alleging that if he published the alleged affidavit it was true,

and published without malice and in good faith; and third, alleging that plaintiff was chairman of the Republican county central committee, and a candidate for reappointment to that position, and as such he had invited criticism by publishing an affidavit attacking one Gillaspie, Democratic candidate for sheriff, and that, to counteract such attack and to inform the electors of the character and qualifications of the plaintiff and of Gillaspie for the respective offices to which they aspired, he signed and delivered to one Stapleton, to be shown to the electors interested, an affidavit to the effect that he was well acquainted with Gillaspie, and that from such acquaintance the affiant knew that said Gillaspie had never made the statement with which he had been charged by the Republicans, all of which matters were written and published as aforesaid in good faith and without malice.

The other defendants answered jointly, setting forth the same defenses pleaded by Dean, and, in addition, alleged that they were all residents of Iowa county, and not of Benton county, where the suit was brought.

On the trial the plaintiff offered evidence tending to show the publication by the defendants of the alleged libel as stated in the petition. At the close of the testimony in the plaintiff's behalf, the defendants moved for a directed verdict in their favor, on grounds which may be condensed as follows: (1) Insufficiency of evidence to justify a verdict for the plaintiff; (2) no proof of malice in the alleged libel; (3) the writing is not libelous *per se;* (4) the writing was privileged; (5) the writing was conditionally privileged; and (6) the alleged libelous statement was an assertion of belief only, and not of fact, and there is no presumption that the expression of belief was not true.

This motion was sustained by the court, in language indicating the opinion that an imputation of crime is necessary to constitute libel, or, if such be not the rule, that the language of which the plaintiff complains is to be considered privileged.

After entry of judgment against the plaintiff for costs, a motion was filed by all of the defendants, except Dean, for further judgment against said plaintiff for expenses incurred in attending court and for counsel fees paid, aggregating $637.46, in defending said action in Benton county, the same not being the county of their residence. From the order of the court overruling the motion, the defendants, except Dean, have also appealed, but, the plaintiff's appeal being first perfected, he will be designated herein as the appellant.

Since the trial in the court below, this court has had occasion to consider with considerable thoroughness some of the features of the law of libel. See *Morse v. Times-Republican Printing Co.*, 124 Iowa, 707. In most respects this precedent and the authorities therein cited govern the present appeal, and we shall attempt no rediscussion of the questions therein considered. Adhering to the law as there expressed, we are quite clear that the trial court in the present case erred in supposing that a charge of crime is essential to make a written or printed defamation actionable *per se*. Nor do we think that the plaintiff's case was vulnerable to any of the points made against it in the defendant's motion for a verdict.

1. LIBEL *per se:* falsity; malice; damage.

The original written draft of the alleged libel was not produced on the trial, but the plaintiff sufficiently accounted for his failure in this respect, and was entitled to identify and put in evidence the printed copy which had been given to the public. There was also sufficient testimony for the jury to consider tending to charge each of the defendants with a share of the responsibility for the publication. If, therefore, the statements so published were of a character having a natural tendency to provoke the plaintiff to wrath or expose him to public hatred, contempt, or ridicule, or to deprive him of the benefits of public confidence or social intercourse, it was libelous *per se,* even though it charged him with no offense against the law. The plaintiff was not required to prove its falsity or malice in its publication. Both

are presumed.    Nor was he required to make proof of damages, for a libel is presumably injurious.    *Holmes v. Jones,* 147 N. Y. 59 (41 N. E. Rep. 409, 49 Am. St. Rep. 646); *White v. Nicholls,* 3 How. 266, 11 L. Ed. 591.

It follows, therefore, that plaintiff was entitled to have his case submitted to the jury, unless, upon the record made, the court was required as a matter of law to say that the 2. LIBEL *per se:* matter was not libelous or was privileged.    That justification. the publication is upon its face libelous there can be no doubt.    It is true that, ordinarily, oral words which impute to another a criminal disposition or charge him with being notoriously untruthful or unworthy of the respect and confidence of his neighbors are not actionable; but such imputations written and published are universally held to constitute a libel *per se.*    Applying the accepted definition of libel, it is difficult to conceive of any publication more likely to provoke the victim to wrath, or expose him to public hatred and distrust, or to deprive him of the benefits of public confidence, than to publish abroad that he is a common liar whose word, even under the solemnity of an oath, will not be believed by his acquaintances.

This rule is not to be evaded by the plea that the publisher of the defamatory words did no more than express his personal belief.    If A. says of B., " I believe he stole my horse," or, " I believe he is guilty of the murder of C.," or, " In my opinion he is the man who burglarized the store of D.," these expressions constitute in law a slanderous charge of crime, which is not to be justified by pleading or proving that the publisher had reasonable grounds to believe, and did believe, the fact to be as stated.    Such facts, if pleaded, may be admissible in mitigation of damages, but not as a defense. Upon similar principle, he who writes and publishes of another, " I am well acquainted with this man, and I believe him to be a thief," or " I believe him capable of willful perjury," is guilty of a libel, whose actionable quality is not taken away by the qualification of the publisher's " belief."

Were the rule otherwise, and the calumniator could shield himself from liability by an expression of belief, the law against defamation of character could be completely evaded by every maliciously inclined person. *Giddens v. Mirk,* 4 Ga. 364; *Binns v. Stokes,* 27 Miss. 239; *Nelson v. Musgrave,* 10 Mo. 648; *Post Pub. Co. v. Moloney,* 50 Ohio St. 71 (33 N. E. Rep. 921); *Miller v. Houghton,* 10 U. C. Q. B. 348; *Duncan v. Brown,* 15 B. Mon. 186; *Sydenham v. Mann,* Cro. Jac. 407; *Johnson v. Brown,* 57 Barb. 118; *Miller v. Miller,* 8 Johns. 74; *Oldham v. Peake,* 2 Bl. Rep. 961; *Stick v. Wisedome,* Cro. Eliz. 348; *Nix v. Caldwell,* 81 Ky. 293, (50 Am. Rep. 163); *Hatt v. News Ass'n,* 94 Mich. 114 (53 N. W. Rep. 952); *Riley v. Lee,* 88 Ky. 603 (11 S. W. Rep. 713, 21 Am. St. Rep. 358); *Steele v. Southwick,* 9 Johns. 214; *Rider v. Rulison,* 74 Hun 239 (26 N. Y. Supp. 234); *Waters v. Jones,* 3 Port. 442 (29 Am. Dec. 261); *Simmons v. Holster,* 13 Minn. 249 (Gil. 232); *Stickels v. Hall,* 2 O. C. D. 244; *Dickey v. Andros,* 32 Vt. 55; *Beehler v. Sleever,* 2 Whart. 313; *Orth v. Featherly,* 87 Mich. 315 (49 N. W. Rep. 640).

If the defendant, in an action for libel, wishes to justify the language used as true, he must admit the publication as charged by the plaintiff, and assume the burden of establishing its truth. No attempt was made in this direction by the appellees or either of them.

Upon the question of privilege it is unnecessary to go into any extended discussion. Clearly the language complained of does not come within the protection of absolute **3. PLEA OF PRIVILEGED PUBLICATION: questions of fact.** or unqualified privilege *(White v. Nicholls, supra),* the appearance of which would require the court to peremptorily direct a verdict for the defendants. Indeed, counsel claim for it only the protection of qualified or conditional privilege. A fundamental difficulty is found in the fact that the answer does not plead the defense relied upon in argument. The petition charges an alleged libel contained in a writing embodying three

separate affidavits. One of these, purporting to be signed by all of the defendants, and containing the statement that they are each well acquainted with plaintiff and would not believe him under oath, constitutes the gist of the defamatory matter of which the plaintiff complains, while the others are set out evidently by way of inducement or explanation, or in pursuance of a proper purpose to exhibit to the court and jury the entire writing — both the alleged defamation and its context. Now, the answer under which the defendants seek to assert a privilege does not admit the publication charged, but proceeds to say that defendants signed an affidavit deposing in effect that they knew T. E. Gillaspie, the Democratic candidate for sheriff of Iowa county, that they had also been informed of the statements made in a circular signed by the plaintiff and others, and that from their acquaintance with Gillaspie they knew he had never made use of the language which said circular attributed to him; and this affidavit, the answer proceeds to allege, was made and published by them, in good faith and without malice, for the information of the electors of said county. In other words, they plead and claim privilege for a written publication which is not the publication on which the plaintiff's action is based. It would seem to need no argument to sustain the proposition that a charge of libel in a given writing is not answered by an allegation or admission of the publication of another and different writing which is privileged. The plea of privilege is in the nature of a confession and avoidance, and the admission, to be of any avail in such defense, must be as broad as the charge. *Van Derveer v. Sutphin,* 5 Ohio St. 293; *People v. Evening News,* 51 Mich. 11, (16 N. W. Rep. 185, 691); *Palmer v. Smith,* 21 Minn. 419; *Kerr v. Force,* Fed. Cas. No. 7,730; *Morgan v. Booth,* 76 Ky. 480; *Clifton v. Lange,* 108 Iowa, 472; *Hollenbeck v. Ristine,* 105 Iowa, 488.

Justification or avoidance of an act which is not charged, or of matter which is not confessed, is both illogical and ab-

surd, and presents no issue. 1 Gould, Plead. (5th Ed.), 340; 1 Chitty, Plead. (16th Am. Ed.), 536.

Under this state of the pleadings, it is not necessary for us to decide whether the matter stated in the answer, even if made applicable to the libel charged in the petition, would be a sufficient plea of privilege. But even assuming a proper plea to have been made, it still remained a question for the jury whether the alleged privilege was not exceeded and the publication made with actual malice. *Morse v. Times-Republican Printing Co.,* 124 Iowa, 707; *Nichols v. Eaton,* 110 Iowa, 513; *White v. Nicholls,* 3 How. 266, 11 L. Ed. 591; *Duncan v. Brown,* 15 B. Mon. 186; *Conroy v. Pittsburgh Times,* 139 Pa. 334, (21 Atl. Rep. 154, 11 L. R. A. 725, 23 Am. St. Rep. 188); *Wright v. Woodgate,* 2 Cromp. M. 573.

In view of the fact that a new trial must be ordered, and that at least one of the defendants is conceded to be a resident of Benton county, thus giving the trial court the jurisdiction 4. TAXATION to hear and try the issues joined, it is obvious OF COSTS. there was no prejudicial error in overruling the motion of the defendants for judgment for costs, on the theory that they had been sued in the wrong county. And in no event would they be entitled to recover, as demanded, their entire expenses and attorney's fees incurred in defending the suit, but only such reasonable allowance as would compensate them for being compelled to make that defense in the wrong county.

For the reasons stated, the judgment is affirmed on the defendants' appeal, and reversed on the plaintiff's appeal. The costs of this court will be taxed to the defendants.— *Reversed.*