RILEY v. NORTON.

1. **Slander**: JUSTIFICATION OF WORDS CHARGING A CRIME: MEASURE OF PROOF: CASES OVERRULED.   In an action of slander for charging plaintiff with the commission of a crime, when the defendant justifies, it is sufficient if he prove by a preponderance of the evidence that plaintiff did commit the crime charged,—following the principle of *Welch r. Jugenheimer*,, 56 Iowa 11.   The cases of *Bradley v. Kennedy*, 2 G. Greene, 231; *Forshee v. Abrams*, 2 Iowa, 571; *Fountain v. West*, 23 Id., 9; and *Ellis v. Lindley*, 38 Id., 461, holding that the commission of the crime in such cases must be established beyond a reasonable doubt, are overruled.

*Appeal from Clayton District Court.*

TUESDAY, DECEMBER 9.

ACTION FOR SLANDER. The crime charged was larceny. The defendant justified. Trial by jury, judgment for plaintiff, and defendant appeals.

*James O. Crosby*, for appellant.

*S. S. Powers*, for appellee.

SEEVERS, J.—The court instructed the jury that the defendant must establish beyond a reasonable doubt that the plaintiff did commit the crime of larceny in manner and form as the defendant had pleaded. This instruction is in accord with *Bradley v. Kennedy*, 2 G. Greene, 231; *Forshee v. Abrams*, 2 Iowa, 571; *Fountain v. West*, 23 Id., 9; *Ellis v. Lindley*, 38 Id., 461 Logically, these cases were much shaken by *Welch v. Jugenheimer*, 56 Iowa, 11. It is logically impossible to say that one rule should obtain when an action is brought to recover damages caused by the commission of the crime of arson, and another in an action brought to recover damages for slander charging such crime, when the defendant pleads justification. If an action had been brought to recover the value of the wood alleged to have been stolen in this case, the plaintiff in the action would be entitled to recover if he established, by a preponderance of the evidence, the fact that the wood had been stolen. Logically, the same rule must apply when the same party asserts and relies on the same facts in any other civil action where the right of recovery or defense is asserted.

We deem it unnecessary to enter into an extended discussion of the pending question, simply contenting ourselves with saying that in our opinion the decided weight of the latest authorities is opposed to *Fountain v. West*, and other cases above cited, and that they should be, and are hereby, overruled.

REVERSED.