JAMES HOLLENBECK, Appellant, v. J. M. RISTINE.

**Libel:** SPECIAL DAMAGES. The publication of any untrue and malicious charge is libelous when damage is shown to have resulted as a natural and proximate consequence.

RULE APPLIED. Defendant wrote of plaintiff "He has for several years owed for medical services. His attention has been repeatedly called thereto to no purpose. That, finally, being sued therefor, he having no other defense, has cowardly slunk behind the statute of limitations. Such a course is not exactly in accordance with our ideas of strict integrity and we would prefer not to be connected in any official capacity with a corporation who employ such men in a position of trust." As a result plaintiff was discharged to his damage.

JUSTIFICATION: *Jury question.* Defendant pleaded that said statements were true and the publication justifiable. The evidence tended to show that plaintiff was paid and the statute of limitations not interposed. *Held,* as the justification must be as broad as the charge, the issue should have gone to the jury.

EXPRESSION OF OPINION. Criticism or expression of opinion concerning another must be founded on fact in order to avoid being libelous.

CONDITIONAL PRIVILEGE: *Malice.* A letter written to an employer concerning the conduct of an employe is, at most, only a conditionally privileged communication; and malice in publishing a conditionally privileged communication destroys the privilege.

ACTION IN TORT. Where one intentionally causes temporal loss to another without justifiable cause and with malicious purpose to inflict it, the natural and proximate damages may be recovered in an action of tort. And the name given an action is immaterial in determining whether sufficient facts are stated to show a right of recovery.

**Evidence:** ACCOUNT STATED: *Jury question.* It is a question for the jury whether the fact that a debtor retained a bill for services a long time without objection shows such acquiescence as to amount to an account stated, and, if there was, whether the items of the account were correct.

*Appeal from Linn District Court.*—HON. G. W. BURN-
HAM, Judge.

TUESDAY, MAY 17, 1898.

ACTION at law to recover damages for an alleged
libel written of and concerning the plaintiff, resulting
in his discharge from employment by the Cedar Rapids
& Marion City Railway as a conductor upon its lines,
and for loss of time and injury to reputation and means
of support. Defendant admitted the writing of the
alleged libel, and averred that it was both justifiable
and privileged. The trial court directed a verdict for
the defendant, and the plaintiff appeals.—*Reversed.*

*Henry Rickel, John T. Christie* and *Jamison &
Smith* for appellant.

*C. D. Harrison* and *Hubbard, Dawley & Wheeler*
for appellee.

DEEMER, C. J.—The alleged libelous publication of
which plaintiff complains is the same one recently con-
sidered by this court in the case of *Hollenbeck v. Hall,*
103 Iowa, 214, and need not be set out in *extenso.*  We
held in that case that the publication was not libelous
*per se.*  The only difference between that case
and this is that, in this, plaintiff alleged and pro-
duced evidence tending to show that the defend-
ant wrote the letter to Hall, who was president and
manager of the Cedar Rapids & Marion City Railway,
with intent to injure plaintiff, and to induce Hall to
discharge him from the service of that company; that
he had theretofore been in the employ of the company
as a conductor for many years; and that, by the writing
of said letter, plaintiff has been injured in his means of
support, derpived of his employment, and lost valuable

time by reason of his discharge. This, as we understand it, is a plea for special damages; and the question at the threshold of the case is whether or not plaintiff can recover special damages resulting from the publication of a letter which is not libelous *per se.* It has been broadly stated that "all words are actionable if special damage follows." *Moore v. Meagher,* 1 Taunt, 39; *Barnes v. Trundy,* 31 Me. 321; Comyn, Digest, tit. "Action for defamation," D, 30. Again, it has been said that "special damage will not help you if the words are not defamatory." Blackburn, J., in *Young v. Macrae,* 7 Law T. (N. S.) 354, 3 Best & S. 264. To the same effect is *Sheahan v. Ahearne,* 9 Ir. R. C. L. 412. We apprehend that between these two statements is to be found the correct rule. Townshend, in his work on Libel and Slander (4th ed., section 197), says: "It may be correct to say that, to make the words wrongful, they must in their nature be defamatory; provided, the rule thus expressed be understood as being subordinate to and implied in the more comprehensive rule that, to render actionable that language which is not actionable *per se,* the language must occasion special damage, in the proper sense of that term;" that is to say, as we understand it, the damage must be the natural and proximate, although not the necessary, consequences of the wrongful act complained of. Townshed further says: "The real question must always be, was the damage complained of the natural and proximate consequences of the publication?" Judge Cooley, in his work on Torts (2d ed., p. 242), says: "Besides the publications mentioned [referring to those libelous *per se*], any untrue and malicious charge which is published in writing or print is libelous when damage is shown to have resulted at a natural and proximate consequence." This we regard as a correct statement of the rule, and it seems to be sustained by the

authorities.   *Scholl v. Bradstreet Co.*, 85 Iowa, 551; *Morasse v. Brochu*, 151 Mass. 567 (25 N. E. Rep. 74); Odgers, Slander & Libel, 89, 92, and cases cited. If it be conceded, however, that there cannot be an action for libel unless the words are defamatory, still plaintiff may be entitled to relief under the allegations of his petition, although he may call it an action for libel.   If one intentionally cause temporal loss or damage to another without justifiable cause and with malicious purpose to inflict it, that other may recover, in an action of tort, the damages he has sustained as a natural and proximate result of the wrong. *Walker v. Cronin*, 107 Mass. 555; *Lucke v. Clothing Cutters' & Trimmers' Assembly*, 77 Md. 396 (26 Atl. Rep. 505); *Chipley v. Atkinson*, 23 Fla. 206 (1 South. Rep. 940). The name that plaintiff has given his action is of no consequence, provided he has stated sufficient facts to show a right of recovery.   We are firmly of the opinion that the petition stated a cause of action, and that the plaintiff introduced sufficient evidence to warrant the court in submitting the case to the jury, unless it be for some of the matters hereinafter considered.

II.   Defendant pleaded that the statements made in the letter were true, and that the publication was justifiable.   We think this was a fair question for the jury.   Plaintiff adduced evidence tending to show that he had paid defendant all that he owed prior to the time the letter was written, and that he did not interpose the plea of the statute of limitations as charged.   It is well settled that the justification must be as broad as the charge, and of the very charge.   Surely, there was evidence to go to the jury on this issue.

III.   One of the grounds of the motion to direct a verdict was that the evidence showed an account stated

between the parties, and that this was conclusive on the question of indebtedness. The claim is founded upon the fact that defendant sent his bill to plaintiff, who retained it beyond a reasonable time without objection. It is generally, and we believe correctly, held that an account stated is not conclusive, but is *prima facie* evidence of the accuracy and correctness of the items; and the strength of the presumption of correctness depends to some extent upon the circumstances of the case. In the case of *White v. Hampton,* 10 Iowa, 238, we said: "What will amount to a stated account from the presumed acquiesence of the parties arising from lapse of time, and their failure to object to the same within a reasonable period, must depend upon circumstances to be judged of by the nature of the transaction and the habits of business and course of trade." It was a fair question for the jury to determine whether there was such acquiescence by lapse of time as that there was an account stated, and, if there was, whether the items of the account were correct.

IV. It is said that the statements in the letter with reference to plaintiff's integrity and fitness for his trust were mere expressions of opinion, and therefore not actionable. We do not think this is true; but, if true, the criticism must be founded on fact. Townshend, Slander & Libel, section 257.

V. Again, it is insisted that the communication was privileged, because directed to a person who was interested in knowing the conduct of plaintiff. The communication, if privileged at all, was conditionally privileged; that is to say, it must have been made in good faith, believing the statements to be true, or having probable cause to believe them to be true. If he who published was actuated by malice, there was no privilege. There was as we have

already stated, evidence tending to show actual malice on the part of the defendant, and the trial court was in error in sustaining the motion upon the ground of privilege. We are not to be understood as affirming either that the truth was a defense, or that the communication was conditionally privileged; on these points we express no opinion, as they are not now involved. We simply say that, assuming these propositions to be true, still the court was in error in directing a verdict for the reasons heretofore given.

VI. There was evidence tending to show that plaintiff was discharged solely by reason of the letter written by defendant to Hall, and the case should have been submitted to the jury for their conclusion on the question as to the cause of discharge.

Other assignments of error are discussed by counsel, but, as the questions are not likely to arise upon a re-trial, we will not consider them. What we have said sufficiently indicates our views upon the controlling points in the case, and we conclude by saying that the case should have gone to the jury under proper instructions from the court.— REVERSED.