MARTHA O'CONNELL, Appellant, v. D. B. SHONTZ, JOHN A. MAGOUN, JR., and N. JENNESS.

**Libel:** NOTICE OF DELINQUENT TAXES. A notice to a taxpayer pursuant to Code, sections 1374 and 1385, relative to the assessment of omitted property, is not libelous in the absence of any charge of fraud on the part of the taxpayer in withholding the same.

*Appeal from Woodbury District Court.*— HON. F. R. GAYNOR, Judge.

WEDNESDAY, MARCH 8, 1905.

THE petition alleges: That, at the time of the transaction complained of, the defendant Shontz was employed by the county to discover property omitted from the tax lists, Magoun was treasurer, and Jenness was auditor. That these three, " contriving and intending to injure and defame the plaintiff," maliciously composed and mailed her a notice that the officers had been apprised that moneys and credits to the amount of $2,800 belonging to plaintiff had been omitted from taxation for the year 1903, and requiring her to appear before the county auditor at a date named and show cause why the same should not be listed and assessed against her, and that, upon her failure to do so, the same would be placed on the books; and demand was made for payment, and a statement that unless made, proceedings would be commenced after the lapse of thirty days to collect. That she received the notice, and was greatly distressed by the accusations contained therein, and was obliged to travel to Sioux City and appear before the auditor, and was obliged to incur expense in making the trip, in consulting an attorney, and in loss of time, to her great damage. The defendants demurred to this petition on the grounds (1) that the notice was not libelous; (2) that the defendants were acting as agents and officers of the county; and (3) that there was no allegation that the acts were malicious. The demurrer was sustained, and plaintiff appeals.— *Affirmed.*

*Sawyer & Turner,* for appellant.

*Earl Edmunds, McCoy & McCoy,* and *Strong & Whitney,* for appellees.

LADD, J.— The notice sent to the plaintiff was in strict conformity with sections 1374 and 1385 of the Code, as amended by chapters 47 and 50, pages 31 and 33, of the Twenty-Eighth General Assembly. It was such a notice as the law authorized "whenever property subject to taxation is withheld, overlooked or from any other cause is not listed or assessed." Even though defendants so intended, it did not purport to state the reason for the omission; and there is no ground for saying that it contained, directly or by implication, a charge of cheating and defrauding the state and country, or of having committed perjury in swearing to a false assessment. In the absence of any innuendo, it cannot be held to have been libelous. This is the only question raised in argument on the appeal, and in this respect the ruling on the demurrer was correct. But see *Hollenbeck v. Ristine,* 105 Iowa, 488.—*Affirmed.*