G. A. CODNER, Appellant, v. CENTRAL CREDIT RATING AGENCY
et al., Appellees.

LIBEL AND SLANDER: Actionable Publication—Malice and Defamation—Pleading. An allegation that defendant published a

named writing (a) maliciously, (b) of and concerning plaintiff, (c) in a named defamatory sense, and (d) falsely, states a good cause of action for libel, irrespective of the literal language of said writing.  Section 3592, Code, 1897.

**LIBEL AND SLANDER:**  Privileged Communications—Malice—Effect.  Actual malice destroys qualified privilege.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

MONDAY, MARCH 12, 1917.

REHEARING DENIED MONDAY, JUNE 18, 1917.

ACTION for damages for alleged libel.  There was a demurrer to the petition, which was sustained.  The plaintiff refusing to plead over, his petition was dismissed and he has appealed.—*Reversed and remanded.*

*F. J. Lund* and *Chase & Chase,* for appellant.

*O. J. Henderson* and *Wesley Martin,* for appellees.

EVANS, J.—It appears from the petition that the principal defendant is an association of business men organized for the purpose of operating a credit rating agency. The defendants Foster and Harrell are officers and managers of such agency.  Such agency published a pamphlet which purported to give the credit rating of all those whose names were contained therein.  The name of the plaintiff was included in such pamphlet by the defendants.  For the purpose of such rating, the following key was used:

1. LIBEL AND SLANDER: actionable publication: malice and defamation: pleading.

"1.  Good pay.  Financially responsible, or the party who wants to pay his bills every 30 days, and calls and pays, or asks to have his bills presented.

"2.  Slow pay.  Financially good, but careless with his credits.

"3. Honest. Usually prompt pay. Limited means. Cannot force collections.

"4. Honest. Limited means, but liable to buy beyond his ability to pay.

"5. Phone this office for special instructions, or C. O. D."

Rate "5" was put opposite the plaintiff's name in such pamphlet. It is averred in the petition that this pamphlet was circulated among the members of the agency and others; that, by the purported rating given therein, it was intended to "impute to the defendant insolvency and dishonesty in his business dealings, and an unwillingness to pay his debts and unworthiness to credit;" that the rating given to the plaintiff therein was false and malicious, and was done with intent and design to injure and to humiliate the plaintiff; that its publication was malicious and without reason or justification. Six grounds were laid in the demurrer, which may be resolved into two general propositions: (1) That the petition on its face set forth no libel; (2) that the petition on its face showed that the published matter was privileged.

The argument in support of the demurrer is that the key which we have above copied, and which is supposed to constitute the libel charged, contained no statement whatever concerning the plaintiff; that it contained nothing upon which an issue of truth or falsity could be made; that it was plain and unambiguous, and that the question of its libelous character must be determined upon the literal language used. The argument at this point is not well taken. The language of the key is not necessarily plain and unambiguous. The plaintiff had a right to set it forth in his petition, and to support it with a further allegation that it was used in a defamatory sense. Under Code Section 3592, it was not necessary for the plaintiff to state extrinsic facts for the purpose of showing the defamatory

sense, or the application of it to the plaintiff.   He was entitled to allege that the words were used in a defamatory sense, and to state the defamatory sense in which they were used as applied to himself.   The plaintiff did aver in his petition the defamatory sense in which he claims the words were used.   He averred also that they were used in such defamatory sense falsely and with express malice and with intent to injure the plaintiff.   These allegations are within the permission of our rules of pleading as set forth above.   The defendants' demurrer necessarily admits these allegations.   For the purpose of the demurrer, therefore, we cannot ignore them and confine our attention to the mere words of the alleged libelous publication.   The petition was not subject to demurrer on this ground.   *Call v. Larabee,* 60 Iowa 212.

2. Libel and Slander: privileged communications: malice: effect.   Nor can it be said that the petition shows upon its face that the publication was privileged.   The allegations of defamatory sense and malicious intent stand in the way of the defendants at this point also.   While there is much in the record to suggest privilege, yet, usually, the question of privilege is a mixed question of law and fact.   Privilege may be absolute or qualified.   If a qualified privilege, it may be lost through actual malice, if any.   For this purpose, the demurrer necessarily admits the allegations of malice.   We reach the conclusion, therefore, that the petition stated a cause of action.   The demurrer, therefore, should have been overruled.—*Reversed and remanded.*

Gaynor, C. J., Ladd and Salinger, JJ., concur.