J. J. McCUDDIN, Appellee, v. RAY DICKINSON, Appellant.

No. 44524.

FEBRUARY 14, 1939.

M. D. Hall, for appellant.

J. O. Watson, Jr., for appellee.

RICHARDS, J.—In the March 14, 1935, issue of the New Virginian, a weekly newspaper having a circulation among four or five hundred subscribers in and about the town of New Virginia, where the parties reside, defendant caused to be printed the alleged libelous matter. The petition states that this matter was published concerning plaintiff. A portion of what was printed is the following:

"YOU WANT THE TRUTH TO BE KNOWN DO YOU, JOHNNIE?

"I don't think you can tell the truth, either on or off the witness stand. * * *

"I just want to take this opportunity to let you know that, I THINK that, I am in possession of two pieces of information that, is known as additional evidence.

"This I think would be of far more interest to the good people of Warren County than to just know how you pay your families debts or settle with your creditors.

"At least your creditors can go in their own barn after night and have no fear of seeing a ghost.

"(Paid advertisement)                    RAY DICKINSON"

Among the allegations in the petition concerning the defamatory senses in which defendant used said matter are these: first, to charge that plaintiff was a liar and would commit perjury; * * * fourth, that plaintiff had been guilty of some criminal offense for which he could be prosecuted; * * * seventh, that the plaintiff could not go into his barn without seeing a ghost. The cause was finally submitted upon the issues presented by the petition and defendant's general denial. A verdict for $100 was returned in favor of plaintiff. Defendant has appealed from the judgment rendered thereon.

■■ Published matter is defamatory when the attack is upon the integrity and moral character of the person concerning whom it is published. Shaw Cleaners & Dyers, Inc., v. Des Moines Dress Suit Club, 215 Iowa 1130, 245 N. W. 231, 86 A. L. R. 839; Salinger v. Des Moines Capital, 206 Iowa 592, 217 N. W. 555. We have so held since the opinion in the case of Fey

v. King, 194 Iowa 835, 190 N. W. 519, emphasizing the word defamation that appears in section 13256, Code 1935. If additionally the other elements appear, some of them presumptively, libel per se is shown. We find no error in the trial court's instructions charging the jury that the printed matter in the instant case was libelous per se. We need go no further than to the first of plaintiff's allegations as to defamatory sense used by defendant, for it finds sufficient support in the second sentence of what was printed. Simons v. Harris, 215 Iowa 479, 245 N. W. 875. Incidentally it may be said the consequence of the language used was not evaded through defendant having expressed no more than what he thought. Prewitt v. Wilson, 128 Iowa 198, 103 N. W. 365.

In an amendment to answer defendant alleged that it is true that plaintiff will lie and that he would commit perjury and that he has committed perjury. The record shows that there was a hearing before the Warren district court on July 3, 1934, in a real estate foreclosure suit then pending in which plaintiff herein was plaintiff and defendant's parents were defendants. One Grant Edwards had been appointed receiver. Defendant testified that the question being determined by the court at the hearing was the rent to be paid for 1934 to the receiver by the defendants in foreclosure. It was defendant's testimony that at the July 3d hearing plaintiff raised his right hand and was sworn by the court as a witness; that he then testified in answer to questions propounded by the court as to the condition of the fence on the mortgaged premises between the pasture where defendants were keeping cattle and the cornfield. Defendant testified that plaintiff answered to these questions that there was no such fence. It is undisputed that plaintiff had been over the farm on the day preceding the hearing and had thoroughly inspected the place. Plaintiff testified that the subject matter of the hearing concerned the cutting of the corn for fodder, in which crop the receiver and defendants had interests. Neither in his testimony nor in that of any other witness is there denial of the existence of the fence as shown by defendant's testimony that there was a fence between the pasture and the cornfield, extending across the middle of the premises. The one respect in which plaintiff's testimony may contradict that of defendant is as to whether plaintiff's testimony

was concerning the fence. When asked whether he testified concerning the fence plaintiff answered, "Not that ever I remember of, I never did. I would say, no sir." Another question asked of and answered by plaintiff was the following:

"Q. Did you testify as Mr. Dickinson stated on the third day of July 1934 whether there was any fence there or not, or anything about a fence? A. Not on that particular line he describes."

■ Plaintiff offered no explanation as to what line or fence he may have testified. At the close of the introduction of evidence the trial court sustained plaintiff's motion to withdraw from the jury all the evidence of defendant with reference to the alleged perjury on July 3, 1934; the court having been of the opinion "That the testimony is too indefinite and uncertain to authorize the court to permit the jury to speculate upon what was said at that hearing, and what was involved in that hearing." That this ruling was erroneous is one of the defendant's assignments of error. We are constrained to hold that in this ruling the functions of the jury were usurped, to the prejudice of defendant. There was a hearing before the court on the date named, growing out of the receivership in the foreclosure proceedings pending in that court. It is also undenied that the proceedings were before one of the judges of that court, that plaintiff was sworn and testified, and that the testimony was not taken down by any court reporter. Whether the question before the court concerned making fodder of the corn crop, as plaintiff claims, or as defendant testified concerned the rental to be paid, it cannot fairly be said that testimony concerning the premises involved was something immaterial, nor does plaintiff so claim in argument. There was evidence from which the jury could have found that plaintiff testified as of personal knowledge concerning a matter material to the proceedings that were before the court, concerning which the court interrogated him, and that plaintiff willfully and corruptly swore that no fence existed although on the previous day he had made a thorough examination or inspection of the farm. It was not required in this civil action that defendant establish the alleged perjury beyond a reasonable doubt. Riley v. Norton, 65 Iowa 306, 21 N. W. 649. We are of the opinion that there was not such indefiniteness and uncertainty as to warrant the with-

308

drawal of this testimony from the consideration of the jury, and that the ruling was prejudicial to defendant. A reversal becomes necessary.

Another question presented is whether there was sufficient proof that the alleged libel was published concerning plaintiff, defendant's theory being that plaintiff was not so identified that the matter as printed would be understood as designating J. J. McCuddin as the person to whom reference was made. In view of the reversal, it appears inadvisable to consider this assignment of error at this time, as upon a re-trial an entirely different record may be made, and a discussion of the question at this time might easily amount to a preconsideration of questions of evidence that have not yet been presented. The judgment is reversed.—Reversed.

OLIVER, SAGER, HALE, MILLER, and BLISS, JJ., concur.

MITCHELL, C. J., dissents.

MITCHELL, C. J. (dissenting)—I find myself unable to agree with the majority and therefore respectfully dissent. The case is reversed on the grounds that certain evidence was withdrawn from the jury. I agree with the lower court that the testimony was too indefinite and uncertain to permit the jury to speculate upon it. The case was fairly tried, it was submitted to a jury and I would affirm the lower court.