J. J. McCuddin, Appellee, v. Ray Dickinson, Appellant.

No. 45311.

October 21, 1941.

Rehearing Denied February 13, 1942.

Hall & Ewalt, for appellant.

J. O. Watson, Jr., for appellee.

Stiger, J.—This is the second time this case has been before us. See McCuddin v. Dickinson, 226 Iowa 304, 283 N. W. 886. The petition stated in substance that the publication charged that plaintiff was a liar and a perjurer. Defendant

**1142**

admitted and pleaded the truth of the publication as a defense to the action.

█ I. Appellant's assignment of error is that the court erred in giving Instruction No. 10.

## Instruction No. 10.

"It being presumed by law that said article in charging plaintiff with being a liar, and committing perjury is libelous of itself, it is presumed by law that it is false, that its publication was malicious, and that the plaintiff was damaged thereby, and the burden is upon defendant to overcome these presumptions by the proof. *If said statements were true, and if they were published in good faith and for good motives, then the defendant would not be liable. But even if said statements were true, but they were not published by the defendant in good faith and for good motives, that would constitute no defense, and there being no evidence in this case of the proper motive of the defendant in publishing said statement, there is no complete defense, and your verdict will be for the plaintiff in some sum.* But it will be proper for you to consider the truth or falsity of the charges made in fixing the amount of damages which you award." (Italics supplied.)

Appellant objects to the italicized portion of the instruction. It was reversible error to state that to constitute a complete defense it was necessary, in addition to the truth, the statements be published in good faith and with good motives.

The general rule is in civil actions of libel or slander, in the absence of a statute to the contrary, the truth of the defamatory words is a complete defense. 36 C. J. 1231, section 193; 33 Am. Jur. 117, section 117. This almost universal rule is the law in this state. Children v. Shinn, 168 Iowa 531, 547, 150 N. W. 864; Salinger v. Cowles, 195 Iowa 873, 191 N. W. 167; Mowry v. Reinking, 203 Iowa 628, 213 N. W. 274; Rhynas v. Adkisson, 178 Iowa 287, 159 N. W. 877; Morse v. Times-Republican Printing Co., 124 Iowa 707, 100 N. W. 867. There is no statute in this state affecting the common-law rule above stated.

█ At common law the truth of a libel was not a defense

in criminal prosecutions. However, this rule has been abrogated by statute in this state. Section 13259, 1939 Code, reads:

"13259 Truth given in evidence. In all prosecutions or indictments for libel, the truth thereof may be given in evidence to the jury, and if it appear to them that the matter charged as libelous was true, and was published with good motives and for justifiable ends, the defendant shall be acquitted."

II. Appellee asserts appellant's plea of justification was not stated with sufficient particularity to inform the plaintiff precisely of the facts to be tried.

In Salinger v. Cowles, 195 Iowa 873, 191 N. W. 167, 169, Justice Faville, speaking for the court, said at page 877:

"The general rule in actions of libel is that, where the defamatory charge is general in its nature, the plea must state specifically the acts or offenses of which plaintiff is guilty, or other facts showing the truth of the charge. A mere assertion that the charge is true is not sufficient."

However, the sufficiency of defendant's plea of justification was not questioned in the lower court. The case was tried and submitted to the jury on the theory the plea was sufficient.

III. We understand appellee's third proposition for affirmance to present the point that though not appealing or assigning errors, the trial court erred in overruling his motion for a directed verdict and therefore his judgment on the verdict must be sustained although Instruction No. 10 constituted error requiring a reversal.

In Thompson v. Butler, 223 Iowa 1085, 1092, 274 N. W. 110, 113, we said:

"[4] A successful party without appeal or assigning errors, may show that on the face of the record he is entitled to the judgment because of errors committed against him, though errors had also been committed against appellant."

In appellee's motion for a directed verdict he claimed defendant offered evidence to sustain the truth only as to one of several libelous statements.

We are of the opinion that the only charge against the defendant is that he stated plaintiff was a liar and a perjurer.

Appellant introduced evidence to sustain his plea of justification on this issue and it was sufficient to take the case to the jury—we so held in McCuddin v. Dickinson, 226 Iowa 304, 283 N. W. 886, supra.

The trial court was right in overruling appellee's motion for a directed verdict.—Reversed.

MILLER, C. J., and HALE, OLIVER, SAGER, GARFIELD, WENNERSTRUM, and BLISS, JJ., concur.