**LAIR v. CHRISTIAN RESTORATION ASS'N et al.**

No. 14681.

United States Court of Appeals
Eighth Circuit.

Oct. 16, 1953.

Paul W. Walters, Des Moines, Iowa (Charles M. Bump, Des Moines, Iowa, was with him on the brief), for appellant.

Walter K. Sibbald, Cincinnati, Iowa (Luther D. Burrus and Lundy, Butler & Lundy, Eldora, Iowa, were with him on the brief), for appellees.

Before JOHNSEN and COLLET, Circuit Judges, and NORDBYE, District Judge.

COLLET, Circuit Judge.

The record in this case reflects a dispute between prominent members and groups of members of the Christian Church, or Church of Christ, as it is alternately referred to, over proper practices in the advancement of the principles of the church. Since the only information which we may judicially notice on this appeal concerning those principles and practices is the information contained in this record, we will not state those principles and practices lest there be others equally sacred to other members of that church and an enumeration in this opinion of those involved in this case possibly be construed as an expression of this court to the effect that the principles and practices forming the background of the present dispute are those adhered to by all members of the church. It will suffice to say, in explanation of the origin of this cause, that the plaintiff in the court below felt aggrieved by articles appearing in defendant Christian Restoration Association's publication, The Restoration Herald, and sought redress therefor in a libel action in the Iowa state court against The Christian Restoration Association and Robert E. Elmore, the editor of The Restoration Herald. The cause was removed to the United States District Court for the Southern District of Iowa. Upon trial by jury there was a verdict and judgment for the defendants. From that judgment the plaintiff prosecutes this appeal.

We confine this opinion to a consideration of the specific errors assigned. Those assigned errors are: (1) that the trial court erroneously refused to strike out certain portions of defendants' answer; (2) that it erred in admitting evidence relating to the defense allegations plaintiff sought to have stricken; (3) that the trial court erred in directing a verdict as to Count VII of plaintiff's complaint; and (4) that the trial court erred in not submitting to the jury by specific instruction the question of whether plaintiff was the author of certain articles and letters, and, as plaintiff asserts, assuming in the instructions given that plaintiff was engaged in the controversy concerning those articles and letters. We consider those assignments in the order stated.

The portions of the answer which plaintiff sought to have stricken, in substance stated the existence and background of the divergent views of the two lines of thought, which were alleged and which appear to have been the origin of the present controversy—the practices and principles adhered to by the group of which plaintiff was a member, on the one hand, and the beliefs held by the group of which defendants were a part, on the other. In addition, a portion of the answer sought to be stricken

alleged that the individual defendant Elmore was a minister and entitled to publicly argue the merits of the cause he espoused.

The evidence which was admitted under those allegations of the answer was admitted, not to establish the correctness of defendants' views as to the principles and practices which should be followed, but merely as evidence of the existence of a real difference of opinion between the two groups and as an explanation of the motives and purpose of those groups in saying and doing what they did. The propriety of the court's action in permitting the challenged portion of the answer to remain and the admission of evidence relating thereto are so closely related that both the first and second assignments of error will stand or fall together.

■■ It appears from an examination of the entire record that an explanation of the issues between the two groups and the historical background of their differences was necessary to a real understanding by the court and jury of the controversy the jury was to determine. But irrespective of the practical necessity therefor, the matters pleaded and the evidence admitted were material on the issue of malice or willfulness and qualified privilege sanctioned by the law of Iowa. Ryan v. Wilson, 231 Iowa 33, 300 N.W. 707; Klos v. Zahorik, 113 Iowa 161, 84 N.W. 1046, 53 L.R.A. 235. We do not find a contrary rule announced by the Supreme Court of Iowa in Shaw Cleaners and Dyers v. Des Moines Dress Club, 215 Iowa 1130, 245 N.W. 231, 86 A.L.R. 839, or Fey v. King, 194 Iowa 835, 190 N.W. 519, cited by plaintiff. Since this cause originated in Iowa and was tried there, the law of Iowa must be applied. Under the law of that state the pleading and the evidence were proper.

All of the counts of the complaint, including Count VII, were based upon specific statements made by defendants which plaintiff deemed defamatory, injurious and libelous. Count VII was based on an article appearing in the November, 1950, issue of The Restoration Herald. The trial court found that the statements upon which the seven other counts were based were libelous, per se, and submitted the issues determinative of defendants' liability to plaintiff therefor to the jury. But the court concluded that the statement upon which Count VII was based was not libelous, per se, and withdrew that count from consideration by the jury. We have examined and re-examined this statement and are unable to find therein justification for reversing the action of the trial court withdrawing Count VII from the jury.

■ The fourth assignment of error is based upon the following situation. Defendants charged that plaintiff was the author of certain circular letters and bulletins. It was contended by defendants that the articles and statements alleged to be libelous were in answer to the literature circulated by plaintiff. Plaintiff, by reply, denied responsibility for or connection with these letters and bulletins. He excepted to the court's charge on the ground that it assumed that plaintiff was the author of the letters and bulletins, and that it did not submit the issue of plaintiff's authorship or circulation to the jury.

The court's charge contained the following:

"You will consider and determine from all of the evidence in this case whether plaintiff had any connection with or relation to the circulation of letters, pamphlets and bulletins alleged to have been broadcast by him and by and through the Brotherhood Action Committee, which literature defendants claim was intended to be construed as applying to them as stated in Instruction No. 1.

"If from all the evidence you find and determine that plaintiff had no connection with or relation thereto nor with broadcasting such literature by himself or by and through the Brotherhood Action Committee, and also that defendant Rev. Elmore had no reason so to believe, then there would be lack of legal excuse

for such publication and malice on the part of the defendants. Such lack of legal excuse would bear on the defense of privilege as discussed above in this instruction."

The above quoted portion of the charge sufficiently submitted the issue to the jury. The fact that the charge elsewhere informed the jury that defendants alleged that plaintiff did circulate the literature and that the charge did not specifically inform them that plaintiff denied doing so was not called to the trial court's attention in the exception.[1] Possibly the trial court would have done so if requested. But, the charge being adequate, failure to more specifically call attention to plaintiff's denial was not error.

The assignments of error not being sustained, the judgment is affirmed.

---

1. The exception was as follows:

"The plaintiff objects to instructions generally on this point: That the court assumes in these instructions that the plaintiff, Mr. Lair, was the author of the articles sent out by the Brotherhood Action Committee and does not differentiate or require the jury to find from the evidence that he was the author of these documents which caused the defendants to comment thereon. Mr. Lair was not the author of these documents and engaged in no controversy with Mr. Elmore or the Restoration Herald, which the instructions as a whole assume that he had done."